SUPERIOR COURT
OF THE

RICHARD R. COOCH
*RESIDENT JUDGE*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0664

Christopher S. Marques, Esquire
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, Delaware 19801

Gerard M. Spadaccini, Esquire
Assistant Public Defender
Office of Defense Services
900 N. King Street
Wilmington, Delaware 19801

> **RE:** *State of Delaware v. Ami Murray*
> **ID. No. 1406007495**
>
> Submitted: November 18, 2015
> Decided: February 5, 2016
>
> On Appeal from a Decision of the Court of Common Pleas.
> **REVERSED.**

Dear Counsel:

This opinion resolves this State's appeal of a decision of the Court of Common Pleas that transferred Appellee Ami Murray's Title 21 Driving Under the Influence and Failure to Have Insurance charges to the Newark Alderman's Court. The Court of Common Pleas, however, retained jurisdiction of the companion Title 16 Possession of Drug Paraphernalia and Title 4 Underage Consumption of Alcohol charges. The State then filed a State's appeal with this Court asserting that the Title 21 charges were incorrectly transferred because Alderman's Court does not have jurisdiction to hear Title 21 charges. For the following reasons, the decision of the Court of Common Pleas is reversed.

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On June 10, 2014, Newark Police Officer Peter Barnes was dispatched to investigate a driver who appeared to be unconscious in the middle of a road in the city limits of Newark. The State contends that when the officer arrived on the scene, he saw Defendant Ami Murray, age 20, unconscious behind the wheel of her car while the car was in drive. The State alleges that the officer was initially unable to wake Defendant and, according to the State, she appeared confused and admitted taking prescription medication earlier that day. Further, the State alleges that the officer observed an unsealed bottle of rum and a glass pipe in the car with Defendant.

After Defendant apparently failed field sobriety tests, she was arrested and charged with: (1) Driving Under the Influence in violation of 21 *Del. C.* § 4177; (2) Failure to Have Insurance in violation of 21 *Del. C.* § 2118; (3) Underage Possession of Alcohol in violation of 4 *Del. C.* § 904(f); and (4) Possession of Drug Paraphernalia in violation of 16 *Del. C.* § 4771. The Delaware Motor Vehicle Code and Newark Municipal Code have similar provisions for Driving Under the Influence; Failure to Have Insurance; and Underage Possession of Alcohol. The officer elected to charge Defendant with violations of the Delaware Motor Vehicle Code for Driving Under the Influence; Failure to Have Insurance; and with a violation of Title 4 for Underage Possession of Alcohol. However, Newark Alderman's Court does not have jurisdiction over Possession of Drug Paraphernalia.

Defendant was issued a summons to appear in Justice of the Peace Court 11. The Justice of the Peace Court transferred Defendant's Driving Under the Influence and Failure to Have Insurance charges to the Court of Common Pleas, because Defendant's companion Possession of Drug Paraphernalia and Underage Possession of Alcohol charges were apparently already pending in that court. On motion of Defendant, the Court of Common Pleas was asked to determine whether it had jurisdiction to hear the Driving Under the Influence and Failure to Have Insurance violations charged under Title 21, or if those charges had to be adjudicated in the Newark Alderman's Court.

Following the Court of Common Pleas' 2013 prior holding in *State v. Pyle*[2], Defendant's Title 21 charges were transferred on March 24, 2015, to Newark

---

[1] *See* State's Opening Br. at 1-6 (June 12, 2015).

[2] 2013 WL 46136515, at* 1 (Del. Com. Pl. Aug. 28, 2013) (holding that 21 *Del. C.* § 703(e) requires a defendant who is charged with Driving Under the Influence in the City of Newark in violation of 21 *Del. C.* § 4177(a) must be adjudicated by the Newark Alderman's Court, because the Alderman's Court is the court of "original jurisdiction" for that offense).

Alderman's Court. The Court of Common Pleas retained jurisdiction over the Possession of Drug Paraphernalia and Underage Possession of Alcohol charges. The State has filed an appeal with this Court pursuant to 10 *Del. C.* § 9902(d), asserting that the Title 21 Driving Under the Influence and Failure to Have Insurance charges should have been heard in the Court of Common Pleas along with the companion Title 4 and Title 16 charges.[3]

## II.   THE PARTIES' CONTENTIONS

### i.   State's Contentions.

The State contends that Defendant's two Title 21 charges were properly brought before the Justice of the Peace Court (and then transferred to the Court of Common Pleas) because the Newark Alderman's Court does not have jurisdiction to hear violations of the Delaware Motor Vehicle Code. Instead, the State argues that the Newark Alderman's Court has "original jurisdiction" to hear only cited violations of the Newark Municipal Code. Therefore, the State claims the decision below should be reversed with the result that all four of Defendant's charges should have been heard in one proceeding in the Court of Common Pleas. The State contends that this conclusion favors both the legislature's intent and principals of judicial economy. The State in effect asks this Court to overrule the holding of *State v. Pyle*.

### ii.   Defendant's Contentions.

Defendant contends that the Newark Alderman's Court has "exclusive jurisdiction" to hear all charges of motor vehicle offenses committed within the City of Newark. Defendant asserts it does not matter whether a defendant is charged by a police officer with a violation of the Delaware Code or with a violation of the Newark Municipal Code; the violation must be heard by the Newark Alderman's Court. Therefore, Defendant maintains that the Court of Common Pleas' decision in *State v. Pyle* was properly decided and her case was correctly bifurcated, with the motor vehicle charges being heard in the Newark Alderman's Court and the remaining charges being separately heard in the Court of Common Pleas.

---

[3] The State did not take a State's appeal of the decision in *Pyle*.

# III.   STANDARD OF REVIEW

"In reviewing appeals from the Court of Common Pleas, this Court sits as an intermediate appellate court, and its function mirrors that of the Supreme Court."[4] "Questions of law are subject to *de novo* review."[5] This Court also reviews issues of statutory construction *de novo* to determine whether the Court of Common Pleas erred as a matter of law in interpreting a statute.[6]

# IV.   DISCUSSION

A very similar issue to the one before this Court arose in the Court of Common Pleas' decision in *State v. Pyle*.[7] The Court of Common Pleas there held that "traffic offenses which occur in the jurisdictional limits of the City of Newark must be tried in the Newark Alderman's Court."[8] Unlike this case, it does not appear that the defendant in *Pyle* was charged with any violation(s) besides Driving Under the Influence.

However, this Court concludes that when the applicable statutes and pertinent case law are examined together, and consideration of judicial economy is taken into consideration, only the offenses charged under the Newark Municipal Code must be brought to the Newark Alderman's Court. If an arresting officer charges a defendant with violations of the Delaware Motor Vehicle Code (other than a felony) alleged to have occurred in the City of Newark, those charges shall be heard by a Justice of the Peace (subject to possible transfer to the Court of Common Pleas); Newark Alderman's Court does not have jurisdiction.

---

[4] *DeLoach v. State*, 2012 WL 2948188, at* 3 (Del. Super. July 16, 2012) (citing *Baker v, Connell*, 488 A.2d 1303, 1309 (Del. 1985)); *State v. Richards*, 1998 WL 732960, at* 1 (Del. Super. May 28, 1998).

[5] *DeLoach v. State*, 2012 WL 2948188, at* 3 (Del. Super. July 16, 2012) (citing *J.S.F. Props., LLC v. McCann*, 2009 WL 1163494, at* 1 (Del. Super. Apr. 30, 2009)).

[6] *Snyder v. Andrews*, 708 A.2d 237, 241 (Del. 1988).

[7] The Court notes that the Newark City Solicitor was invited by the *Pyle* court to set forth the City's position on the jurisdictional issue raised in *Pyle*, but the City declined to express any opinion. The City Solicitor advised, "The City of Newark takes no position with respect to the question of whether all misdemeanor and traffic charges based on conduct which occurs within the City of Newark must be brought in the Newark Alderman's Court, rather than the Justice of the Peace Court." *State v. Pyle*, 2013 WL 4613615, at * n. 1 (Del. Com. Pl. Aug. 28, 2013). This Court thus did not again seek the City of Newark's Solicitor's views on the jurisdictional issues raised in the instant appeal.

[8] *State v. Pyle*, 2013 WL 4613615, at* 3 (Del. Com. Pl. Aug. 28, 2013).

4

### i. Twenty-one *Del. C.* § 703(e) and § 2-35.1(a) of the Newark Municipal Code, Read Together, Provide That Alleged Violations of the Delaware Code Cannot be Heard By Newark Alderman's Court.

This appeal ultimately implicates issues of statutory construction. "If it is possible, statutes must be construed to achieve a common sense result . . . and to avoid a construction which would lead to unreasonable or absurd results."[9] Efforts by courts not to allow criminal cases to be unduly delayed "is essential to the administration of justice and public confidence."[10]

The statute primary implicated is 21 *Del. C.* § 703(e). In order to determine the proper court where motor vehicle offenses allegedly committed in the city limits of Newark are to be heard, it is necessary to review the statutes that were examined in *Pyle*. Twenty-one *Del. C.* § 703(e) determines the jurisdiction of motor vehicle offenses. The subsection states:

> Notwithstanding any provision of this section to the contrary, those incorporated municipalities which provide duly constituted alderman's courts or mayor's courts, the alderman and the mayor shall continue to hear and adjudicate those cases in which a person is arrested without a warrant *and* where the alderman's court or mayor's court is the court of original jurisdiction.[11]

The State asserts the crucial part of § 703(e)'s language is the conjunction "and" followed by the phrase "where the alderman's court or mayor's court is the court of original jurisdiction."[12] The State argues that the meaning of "original jurisdiction" in this context "refers to a local court with statutory authority to enforce local ordinances."[13] Stated another way, the State asserts that, because the arresting police officer in the case charged Defendant with two Title 21 offenses

---

[9] *State v. Baker*, 679 A.2d 1002, 1007 (Del. Super. 1996). *See also Hunt v. Div. of Family Srvs.*, ___ A.3d ___, 2015 WL 5472285, at *9 (Del. Sept. 16, 2015) ("When interpreting statutory provisions, 'unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting the interpretation in favor of another which would produce a reasonable result.'") (quoting *Doroshaw, Pasquale, Krawitz & Bhaya v. Nanticoke Mem'l Hosp., Inc.*, 36 A.3d 336, 343 (Del. 2012).

[10] *In re Request for an Opinion of the Justices of the Delaware Supreme Court Regarding House Bills Nos. 134 & 135 of the 146th General Assembly*, 37 A.3d 860, 861 n.2 (Del. 2012) (citing Final Report, Comm. on Speedy Trial Guidelines, at 3 (Nov. 1, 2000)).

[11] 21 *Del. C.* § 703(e) (emphasis added).

[12] *Id.*

[13] State's Letter Br. at 2 (Nov. 2, 2015).

instead of City of Newark offenses, Alderman's Court cannot be a court of "original jurisdiction" for the purposes of § 703(e).

Analysis requires examination of the Newark Municipal Code § 2-35.1(a), which is the source of jurisdiction of Alderman's Court. Section 2-35.1(a) states:

> The alderman shall have jurisdiction of all violations of ordinances of the city and shall have power and authority to hold for bail, fine or imprison offenders, compel the attendance of those accused of any violation of city ordinances by service of process either within or without the limits of the city and compel the attendance of witnesses.

"Original jurisdiction" has been defined as "[a] court's power to hear and decide a matter before any other court can review the matter."[14] This is different than "exclusive jurisdiction," which has been defined as "[a] court's power to adjudicate an action of class of actions to the exclusion of all other courts."[15]

Notably, 21 *Del. C.* § 703(a) provides that "[a] person arrested without a warrant for violations of [Title 21] shall have such case heard and determined by a justice of the peace."

The Newark Municipal Code grants original jurisdiction in the Alderman's Court over violations of that Code. Specifically, that Code states, "A person arrested without a warrant for a violation of any section of this chapter shall be taken before the alderman of the city."[16] The term "any section of this chapter" refers specifically to Chapter 20 of the Newark Municipal Code. In other words, the Newark Alderman's Court is the court of original jurisdiction for violations of the Newark City Code. Twenty-one *Del. C.* § 701(a) states, "[P]olice officers authorized by law to make arrests for violation of the motor vehicle and traffic laws of this State . . . may arrest a person without a warrant."[17] The term "police officers" includes Newark police officers.

Reading the plain language of the ordinance and § 703(a) together, Newark police officers are authorized to make warrantless arrests pursuant to either the Delaware Code or the Newark Municipal Code. However, since Newark Alderman's Court does not have jurisdiction over violations charged under the Delaware Code, any Title 21 offenses charged must be heard by a Justice of the Peace Court. Similarly, all violations that are charged under the Newark Municipal Code must be heard by Alderman's Court. Therefore, if the accused is

---

[14] *Original Jurisdiction*, <u>Black's Law Dictionary</u> (10th ed. 2014).
[15] *Exclusive Jurisdiction*, <u>Black's Law Dictionary</u> (10th ed. 2014).
[16] Newark Municipal Code § 20-8.
[17] 21 *Del. C.* § 704(a).

6

charged with violations of any provision of the Delaware Code, those charges are presented to a Justice of the Peace, even if (as here) it is a violation of the State Code that was committed within the limits of the City of Newark.

ii.  Eleven *Del. C.* § 5303 Further Indicates That the Newark Alderman's Court Lacks Jurisdiction to Hear Violations of the Delaware Code.

Relatedly, 11 *Del. C.* § 5303 allows an accused to transfer charges to the Court of Common Pleas when the proceeding is brought before a Justice of the Peace. Section 5303 states:

> The accused in all criminal cases in which there is a possibility that a period of incarceration may be imposed or the maximum fine is $100 or more where a justice of the peace or alderman or mayor of an incorporated city of town, except the City of Newark, in the county where the charge is brought has jurisdiction and power to hear and finally determine the matter, may elect at any time prior to the day of trial to have the case tried by the Court [of Common Pleas]. If an offense or criminal case within the exclusive jurisdiction of a justice of the peace or alderman or mayor of any incorporated city of town, except the City of Newark, is or may be joined properly with a criminal case or other offense that is without the jurisdiction of the Court [of Common Pleas] and has been transferred upon the accused's election pursuant to this section, such criminal case shall be within the jurisdiction of the Court [of Common Pleas].[18]

Eleven *Del. C.* § 5303 of Title 11 provides that violations charged under the Newark Municipal Code remain with the Alderman's Court, but violations of the Delaware Code are ultimately heard in a Justice of the Peace Court or the Court of Common Pleas. Section 5303 allows an accused to transfer the charges to the Court of Common Pleas. However, that ability is specifically not allowed for the City of Newark. Instead, § 5303 requires that all violations alleged to occur in the City of Newark, where the Alderman has jurisdiction, must remain in the Alderman's Court. The Newark Municipal Code grants the Alderman's Court jurisdiction to hear "all violations of ordinances of the city."[19] The Newark Municipal Code does not grant jurisdiction of offenses charged under the Delaware State Code to the Alderman's Court.

*Pyle* concluded that § 5303 placed a limitation on a defendant's right to transfer the charges from Alderman's Court to the Court of Common Pleas. The *Pyle* court stated, "Therefore, to permit the state to charge the [d]efendant with an offense in the Justice of the Peace Court where it occurred in the City of Newark

---

[18] 11 *Del. C.* § 5303
[19] Newark Municipal Code. § 2-35.1(a).

and permit subsequent transfer to the Court of Common Pleas would be to circumvent the statutory restriction."[20] However, as explained above, the Newark Alderman's Court only has jurisdiction to hear "violations of ordinances of the city."[21] Therefore, § 5303 is not circumvented by permitting a Justice of the Peace Court or Court of Common Pleas to preside over charges under the Delaware Code that were allegedly committed in Newark, because the Alderman's Court does not have jurisdiction over Title 21 offenses.

Furthermore, the Synopsis of House Bill 135 of the 146th General Assembly, which amended § 5303 in January 2012 (and which was not addressed in *Pyle*, likely because there was apparently a sole Driving Under the Influence charge in that case), indicates that judicial economy is favored when there is concurrent jurisdiction. The Synopsis states:

> The bill raises the "maximum fine" threshold that gives a defendant an automatic right to transfer a criminal case from a Justice of the Peace Court or Alderman's Court to the Court of Common Pleas from $15 to $100. It would leave unchanged the automatic right to transfer any criminal case in which there is a "possibility that a period of incarceration" could be imposed. Where there is more than one offense charged, each of which is within the exclusive jurisdiction of the Justice of the Peace Court or Alderman's Court, the entire case would remain within the exclusive jurisdiction of the Justice of the Peace Court or Alderman's Court. Conversely, where there is more than one offense charged, and at least one of those offenses is within the concurrent jurisdiction of the Court of Common Pleas, *the Court of Common Pleas may exercise concurrent jurisdiction over the entire case.*[22]

The synopsis indicates that the Court of Common Pleas may extend jurisdiction to the entire case when there are multiple charges and when it has concurrent jurisdiction over "at least one of the offenses."[23] However, when each of the charges is within the exclusive jurisdiction of the Alderman's Court, the case cannot be transferred to the Court of Common Pleas. It appears that the General Assembly accommodated principles of judicial economy by allowing such an "entire case" to be heard by one court.

Therefore, since Defendant here was charged with violations of the Delaware Code, and the Justice of the Peace Court and Court of Common Pleas both had jurisdiction to hear those charges, the transfer by the Court of Common

---

[20] *State v. Pyle*, 2013 WL 4613615, at* 3 (Del. Com. Pls. Aug. 28, 2013).

[21] Newark Municipal Code. § 2-35.1(a).

[22] Synopsis of H.B. 135, 146th General Assembly (emphasis added).

[23] *Bd. of Adjustment of Sussex County v. Verleysen*, 36 A.3d 326, 332 (Del. 2012) ("A synopsis is a proper source for ascertaining legislative intent.").

8

Pleas of the Title 21 charges to Newark Alderman's Court was improper because the Alderman's Court only has exclusive jurisdiction over violations of the Newark Municipal Code. Accordingly, since Defendant was charged with both violations of the Newark Municipal Code and violations of the Delaware Code, the entire case should have been heard by the Court of Common Pleas, which unlike the Justice of the Peace Court had jurisdiction over the Possession of Drug Paraphernalia charge requiring transfer of that charge from the Justice of the Peace Court to the Court of Common Pleas.[24]

Furthermore, as the State points out, the holding of *Pyle* has an unintended consequence: if all traffic violations alleged to have occurred inside the city limits of Newark must be tried by the Alderman's Court, two trials will have to be held when the defendant is charged with other non-Newark Municipal Code violations. Since Defendant was charged with violations of Title 21, Title 4 and Title 16, the Title 21 charges would be heard by the Alderman under *Pyle*. However, the violations of Titles 4 and 16 would have to be heard by the Justice of the Peace or the Court of Common Pleas. While this result, as a matter of statutory construction, may not be "absurd," it does create an "unreasonable" burden on the on the court system[25] and the risk of inconsistent verdicts. This Court thus construes § 703(e) in a manner that "[]reasonabl[y]" favors judicial economy.[26]

### iii. *Pyle* Incorrectly Relies on *In re Request for an Opinion of the Justices of the Delaware Supreme Court Regarding House Bills Nos. 134 & 135 of the 146th General Assembly*.

The decision in *Pyle* was also based on a 2012 advisory opinion by the Delaware Supreme Court, *In re Request for an Opinion of the Justices of the Delaware Supreme Court Regarding House Bills Nos. 134 & 135 of the 146th General Assembly*.[27] Specifically, *Pyle* stated:

> "21 *Del. C.* § 703(e) requires prosecution of motor vehicle offenses in the Alderman's Courts or 'Mayor Courts' if police arrest the person charged with that offense, without a warrant, in an incorporated municipality where that

---

[24] 16 *Del. C.* § 4771.

[25] *State v. Baker*, 679 A.2d 1002 (Del. Super. 1996).

[26] 3 Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction* 245-46 (7th ed. 2008) ("Statutory provisions relating to criminal procedure . . . are given less rigid construction. They are liberally construed to protect the right to fair and impartial trial as a matter of due process of law. Thus statutes granting jurisdiction over criminal cases to particular courts are liberally construed.") (internal citations omitted).

[27] 37 A.3d 860 (Del. 2012).

9

municipality's charter places original jurisdiction for the offenses in the Alderman's Court."[28]

In this instance, *Newark* [Municipal] *Code Section 20–8 Procedure on Arrest Without a Warrant[]provides*[:] "A person arrested without a warrant for violation of any section of this chapter shall be taken before the Alderman of the City." [29]

The trial court's reliance on the *Opinion of the Justices* was misplaced for two reasons. First, the *Opinion of the Justices* does not suggest that the legislature intended Newark Alderman's Court to have jurisdiction over all defendants who are arrested for motor vehicle violations within the City of Newark. Instead, it stated that prosecutions in the Alderman's Court are required when the "municipality's charter places original jurisdiction for these offenses in the [A]lderman's [C]ourt." Section 20-8 of the Newark Municipal Code states that "a person arrested without a warrant for violation of any section of this chapter shall be taken before the Alderman of the City."[30] The phrase "any section of this chapter" refers to Chapter 20 of the Newark Municipal Code, not to the Delaware Code.

Second, the *Opinion of the Justices* did not address the jurisdiction of any court.[31] Instead, the opinion answered questions of Delaware and federal constitutional law.

### iv. This Court's Decision in *State v. Sluss* is Not Analogous to the Applicable Statutes in Pyle or Defendant's Appeal.

Finally, the Court of Common Pleas in *Pyle* relied on *State v. Sluss*, which was decided by this Court in 1974.[32] Under a similar jurisdictional statute at the time, the former Wilmington Municipal Court had jurisdiction over a person who was arrested within the City of Wilmington. However, an important and distinguishing fact from this case is the statute that formally granted the Wilmington Municipal Court jurisdiction was 21 *Del. C.* § 704(a), not a municipal code. Section 704(a) was replaced by 21 *Del. C.* § 703 in 1998 when the

---

[28] *Pyle*, 2013 WL 4613615, at* 2 (Del. Com. Pl. Aug. 28, 2013) (quoting *In re Request for an Opinion of the Justices of the Delaware Supreme Court Regarding House Bills Nos. 134 & 135 of the 146th General Assembly*, 37 A.3d 860, 864 (Del. 2012).

[29] *Pyle*, 2013 WL 4613615, at* 2 (Del. Com. Pl. Aug. 28, 2013).

[30] *Pyle*, 2013 WL 4613615, at* 2 (Del. Com. Pl. Aug. 28, 2013) (addressing questions about the right to trial by a jury; right to a law-trained judge; and right of equal protection).

[31] *See generally In re Request for an Opinion*, 37 A.3d 860, 864 (Del. 2012)

[32] 2013 WL 4613615, at* 2 (Del. Com. Pl. Aug. 28, 2013).

Wilmington Municipal Court was abolished and the Municipal Court Judges became Judges of the Court of Common Pleas.[33]

## V.   CONCLUSION

The Newark Alderman's Court lacks jurisdiction to hear Title 21 violations charged by an arresting police officer even if the City of Newark has comparable ordinances.  Instead, non-felony violations of Title 21 must be heard by Justice of the Peace Court or, if the defendant elects, by the Court of Common Pleas.

Therefore, the judgment below, which relied on *Pyle*, is **REVERSED**.

Very truly yours,

Richard R. Cooch

RRC/jmf
cc:   Prothonotary

---

[33] 71 Del. Laws 1997, ch. 176 § 27.